## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

    Wendy Jo Fischer,                                    Chapter 7

                                                      Case No.: 16-40798

                Debtor.

---

Erik A. Ahlgren, Trustee,

                Plaintiff,

vs.                                                Adv. Proc. No. _____

Vincent Fischer and Mason Fischer,

                Defendants.

## COMPLAINT TO RECOVER FRAUDULENT CONVEYANCE

Plaintiff brings this complaint to recover avoidable transfers by the bankruptcy debtor to the Defendants.

### PARTIES

1.      Plaintiff, Erik A. Ahlgren, is the duly appointed and acting trustee in the Debtor's bankruptcy case.

2.      Defendant Vincent Fischer is the husband of the Debtor who resides with the Debtor at 607 US Highway 12, Litchfield, MN 55355.

3.      Defendant Mason Fischer is the son of the Debtor who resides with the Debtor at 607 US Highway 12, Litchfield, MN 55355.

### JURISDICTION AND VENUE

4.      This adversary proceeding arises in the bankruptcy case of Wendy Jo Fischer

(the "Debtor") and is brought pursuant to 11 U.S.C. §§548 and 550 and Federal Rules of Bankruptcy Procedure 7000(1) to avoid certain pre-petition transfers from Debtor to Defendants as fraudulent transfers and to recover from Defendant the value of said transfers.

5. Jurisdiction over this adversary proceeding is based on 28 U.S.C. §§1334(b) and 157(b)(2)(H). This is a core proceeding under 28 U.S.C. §157(b)(2)(H).

6. This district is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409(a).

### BACKGROUND FACTS

7. On February 26, 2016, the Debtor using check #3264 drawn on MidCountry Bank Account xxx8675 paid $3,500 for a repair on a 2009 Peterbilt truck belonging to Defendant Vincent Fischer.

8. On February 17, 2016, the Debtor paid $1,078.17 to Ziegler, Inc. for a repair on her husband's 2009 Peterbilt truck. The $1,078.17 was paid by a debit card which paid funds through MidCountry Bank Account xxx8675.

9. MidCountry Bank Account xxx8675 is an account owned solely by the Debtor.

10. Both the $3,500 and the $1,078.17 used for the repair on the 2009 Peterbilt truck were from funds that were owned solely by the Debtor.

11. The 2009 Peterbilt truck that was repaired is owned solely by Defendant Vincent Fischer.

12. Also in February 2016, the Debtor transferred titles to the following

vehicles (the "Vehicles") to her son, Defendant Mason Fischer:

- 2006 Cadillac DTS
- 2012 Kawasaki Motorcycle,
- 2001 Buick LeSabre.

13. The Trustee has requested documentation that Defendant Mason Fischer paid for the Vehicles, but no documentation has been provided.

14. The transfers of money to pay for repairs on the 2009 Peterbilt truck and the transfer of the titles of the Vehicles will be jointly referred to as the "Transfers".

### FRAUDULENT CONVEYANCE

15. Through the Transfers, the Debtor transferred an interest in property of the Debtor.

16. The Debtor received less than a reasonably equivalent value in exchange for the Transfers.

17. Defendant Mason Fischer was the initial transferee of the Vehicle Titles.

18. Defendant Vincent Fischer was the beneficiary of Debtor's transfer of $4,578.17 for repairs on the 2009 Peterbilit truck.

19. On information and belief, when the transfers were made, the Debtor (a) was insolvent, or became insolvent as a result of the transfers, (b) was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which his remaining property was unreasonably small in relation to the business or transaction, and/or (c) intended to incur, or believed or reasonably should have believed that he would incur debts that would be beyond his ability to pay as such debts matured.

20. By reason of the foregoing and for the benefit of the bankruptcy estate, Plaintiff may avoid the Transfers under Bankruptcy Code §548 and may recover from Defendants the full value of the Transfers pursuant to Bankruptcy Code §550.

WHEREFORE, Plaintiff seeks an order of the court granting judgment against the Defendants and in favor of the Plaintiff avoiding the Transfers, together with the costs and disbursements of this action.

June 6, 2016

/e/ Erik A. Ahlgren
Erik A. Ahlgren #191814
Attorney for Plaintiff
220 W. Washington Ave. Ste 105
Fergus Falls, MN  56537
218-998-2775

**VERIFICATION**.

I, Erik A. Ahlgren, the moving party named in the foregoing Complaint, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

June 6, 2016

Signed: /e/ Erik A. Ahlgren
Erik A. Ahlgren, Trustee
220 W. Washington Ave. Ste 105
Fergus Falls, MN  56537
218-998-2775